JOHN R. SOMMER (SBN 106355)
ATTORNEY-AT-LAW
17426 Daimler Street, Suite 200
Irvine, California 92614
(949) 752-5344, Fax: (949) 752-5439

Attorneys for Plaintiff
STUSSY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| STUSSY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>REASON BRAND, INC.,<br><br>Defendant. | Case No.:<br><br>COMPLAINT FOR:<br><br>1. TRADEMARK INFRINGEMENT (15 U.S.C. §1114);<br><br>2. FALSE OR MISLEADING DESCRIPTIONS AND REPRESENTATIONS, AND DILUTION (15 U.S.C. §1125);<br><br>3. INFRINGEMENT OF CALIFORNIA AND COMMON LAW TRADEMARKS AND TRADE NAME RIGHTS (Cal. Bus. & Prof. Code §§14320, 14335 and 14340);<br><br>4. INJURY TO BUSINESS REPUTATION AND DILUTION (Cal. Bus. & Prof. Code §14330);<br><br>5. UNFAIR COMPETITION AND UNFAIR PRACTICES (Cal. Bus. & Prof. Code §§17200-17208).<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Stussy, Inc. ("Stussy"), by its attorneys, alleges as follows:

1. This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338 as it involves claims arising under the Lanham Act and substantially related claims for unfair competition. This Court has supplemental subject-matter jurisdiction over all other claims pursuant to 28 U.S.C. §1367 because they are so related that they form part of the same case or controversy.

2. This Court has personal jurisdiction over Defendant in that it is committing acts of infringement in the State of California in the Central District of California and in the Southern Division thereof, or is committing such acts knowing or should reasonably expect that they would cause damage to a person therein. Upon information and belief, Defendant is soliciting customers in California and does a substantial amount of business in California.

3. Venue for this action is proper in the Central District of California pursuant to 28 U.S.C. §1391(b), in that a substantial part of the events giving rise to the claim occurred in the Central District of California, including acts of infringement that occurred here and damage suffered here.

4. This is a civil action arising under the United States Trademark Act of 1946 as amended, 15 U.S.C. §1051 *et seq.* (the "Lanham Act"), for trademark infringement in violation of 15 U.S.C. §§1114 and 1116, for false or misleading descriptions and representations and dilution in violation of 15 U.S.C. §1125, and under the statutory and common law of the State of California relating to trademarks, trade names, dilution, unfair competition (Cal. Bus. & Prof. Code §§14320, 14330, 14335, 14340 and 17200-17208).

## PARTIES

5. Stussy is a corporation duly organized and existing under the laws of the State of California, having its principal place of business within the Central District of California at 17426 Daimler Street, Irvine, California 92614.

6. Upon information and belief, Stussy avers that Defendant Reason Brand, Inc., is a corporation, doing business as Reason Clothing. Defendant is doing business in and committing the acts of infringement and other acts averred herein in the Central District of California and within the State of California, and is directing its activities towards persons in such state and knowingly causing damage in such state.

## ALLEGATIONS IN SUPPORT OF ALL CLAIMS

10. Since approximately 1980, Stussy has been and is now engaged in the business of manufacturing, promoting, distributing and selling its high-quality clothing. All of Stussy's products are manufactured pursuant to its strict specifications and quality control.

11. Stussy has long used, prior to the acts of Defendant herein, the trademark STUSSY in graffiti style (hereinafter, "STUSSY Graffiti Mark"). Such mark is hereinafter referred to as the "STUSSY Mark." The STUSSY Mark is widely recognized and understood as standing for Stussy's excellent reputation and products.

12. Stussy is the owner of the STUSSY Mark and registrations therefor. Stussy has given notice that the STUSSY Mark is registered pursuant to 15 U.S.C. §1111, by displaying the registration symbol ®.

13. On May 13, 1997, the STUSSY Graffiti Mark was registered on the Principal Register of the United States Patent & Trademark Office as Registration No. 2,060,941 for "Clothing; namely, t-shirts, sweatshirts, jerseys, shorts, sweatpants, jackets, hats, caps, swimsuits, skirts, dresses, shirts, tank tops, pants, coats and belts." A copy of this registration is attached hereto as Exhibit "1" and incorporated herein by this reference.

15. On August 27, 1998, the STUSSY Graffiti Mark was registered by Stussy with the California Secretary of State as Registration No. 105471 in International Class 25 for "Clothing, namely, bathing suits, beach cover ups, belts, coats, dresses, head bands, jackets, jerseys, pajamas, pants, rainwear, shirts, shorts,

skirts, sweatpants, sweatshirts, sweaters, swim suits, t-shirts, tank tops, tights, vests, wind-resistant jackets, and headwear."

17. All the above registrations are valid, subsisting and exclusively owned by Stussy.

18. At all times relevant hereto, the STUSSY Mark has been continually used by Stussy throughout the world and in the United States, including California, on or in connection with the manufacture, distribution, sale and promotion of Stussy's products.

19. As a result of Stussy's widespread and continuous use, advertisement and promotion of its products in connection with the STUSSY Mark, it has become widely known and recognized as identifying Stussy as the source of a wide variety of clothing and related goods and as distinguishing such goods from those of others. The STUSSY Mark has come to represent and symbolize the excellent reputation of Stussy's products and Stussy's valuable goodwill among members of the public throughout the world and in the United States, including California. The STUSSY Mark has acquired a secondary meaning throughout the world and in the United States, including, without limitation, California.

20. The STUSSY Mark is more valuable than ordinary marks because Stussy's business model is to create an exclusive brand with limited distribution. As a result, there is much unmet demand for Stussy's products and for products with Stussy's look. As alleged below, Defendant attempts to fill the market for Stussy's products by diverting customers to Defendant's infringing website.

**FIRST CLAIM FOR RELIEF**

**(Against Defendant**

**For Infringement of Federally-Registered Trademarks)**

21. Stussy incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

22. With actual and constructive notice of the foregoing federal trademark registration and of Stussy's extensive and continuous use of the STUSSY Mark, Defendant has used and infringed the STUSSY Mark by offering for sale, selling and distributing products that bear a copy and close reproduction of the STUSSY Mark.

24. Defendant knowingly and intentionally infringed the STUSSY Mark and did so for the purpose of causing confusion and diverting customers.

25. Stussy is informed and believes, and upon such information and belief avers, that Defendant advertised and promoted infringing products and thereby caused harm to Stussy. Defendant intended to cause and did cause, directly or indirectly, third parties to advertise and promote the infringing products, and thereby caused harm to Stussy.

26. Defendant knew that its acts were infringing.

27. Defendant has, without Stussy's consent, used in commerce reproductions, infringements, copies and colorable imitations of the STUSSY Mark in connection with the sale, offering for sale and distribution of goods and services on or in connection with such use, as is likely to cause confusion, mistake and deception, thereby violating 15 U.S.C. §1114.

28. Despite Defendant's knowledge that its acts are wrongful, Defendant has committed the acts herein averred in connection with the sale and offer for sale of goods and services.

29. The promotion, sale, offering for sale and distribution by Defendant of its goods and services by means of the infringing acts is likely to cause confusion and mistake and to deceive purchasers and will in fact cause confusion, mistake and deception.

30. Defendant's promotion, sale, offering for sale and distribution of its products by means of the infringing use of the STUSSY Mark has caused a loss of sales of Stussy's genuine products and will result in the loss of future sales to

customers, unless enjoined. Such acts have resulted in sales by Defendant of its own goods and services, which has unjustly enriched Defendant.

31. Unless restrained by this Court, Defendant's acts have caused or are likely to cause Stussy and the public to suffer great and irreparable damage and injury through, inter alia, (a) a likelihood of confusion, mistake and deception among the relevant purchasing public, (b) falsely suggesting an affiliation between Stussy and Defendant, despite the absence of such affiliation; and (c) the loss of Stussy's valuable goodwill and business reputation symbolized by the STUSSY Mark.

32. Stussy has suffered loss of profits and other damage, and Defendant has earned illegal profits, in an amount to be proven at trial, as the result of Defendant's aforesaid acts. Such damages and profits should be trebled in accordance with 15 U.S.C. §1117.

33. Defendant's conduct constitutes intentional infringement. Defendant knew its acts were wrongful and persisted in them. Trebled and/or statutory damages, as well as attorneys' fees, should be awarded.

34. Stussy has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**(Against Defendant**

**For False and Misleading Descriptions and Representations and Dilution)**

35. Stussy incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

36. Defendant's products, and images of such products, being promoted on Defendant's website, constitutes the use of words, terms, names, symbols, devices and combinations thereof, false designations of origin and false and misleading descriptions and representation of fact that have:

a. caused or are likely to cause confusion, mistake and deception as to the affiliation, connection and association of Defendant with Stussy and as to the origin, sponsorship and approval of Defendant's goods and services; and

b. misrepresented, in commercial dealings, the nature, characteristics, qualities and origin of Defendant's goods and services.

37. Stussy avers that Defendant has made and will make false representations regarding Defendant's goods and services. Such representations were made and will be made in connection with commerce.

38. Defendant, without the consent of Stussy, has made commercial use of an infringement and copy STUSSY Mark, which use began after the STUSSY Mark became distinctive and famous. Such use has been in commerce.

39. Defendant's acts have caused and will cause if not enjoined, actual dilution of Stussy's famous and distinctive STUSSY Mark.

40. Defendant's acts have caused and, unless restrained by this Court, will continue to cause Stussy and the public to suffer great and irreparable damage and injury through, inter alia, (a) a likelihood of confusion, mistake and deception among the relevant purchasing public as to Defendant's infringing website and the advertisements and links therefor; (b) the loss of Stussy's valuable goodwill and business reputation symbolized by the STUSSY Mark; and (c) actual dilution of the distinctiveness of the STUSSY Mark.

41. Stussy has suffered loss of profits and other damage, and Defendant has earned illegal profits, as the result of Defendant's aforesaid acts.

42. Stussy has no adequate remedy at law.

/ / /

/ / /

/ / /

**THIRD CLAIM FOR RELIEF**

**(Against Defendant**

**For California and Common-Law Trademark and**

**Trade Name Infringement)**

43. Stussy incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

44. Defendant has acted with oppression, fraud and malice in that Defendant's conduct was intended by Defendant to cause injury to Stussy, is despicable and was carried on with a willful and conscious disregard of the rights of Stussy and the public. By reason of the foregoing, Stussy is entitled to exemplary damages on common law claims against Defendant, in an amount to be proven at trial.

45. Defendant's acts have caused and, unless restrained by this Court, will continue to cause Stussy and the public to suffer great and irreparable damage and injury.

46. Stussy has suffered loss of profits and other damage, and Defendant has earned and will earn illegal profits, as the result of Defendant's aforesaid acts. The infringing conduct should be enjoined.

47. Stussy has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**

**(Against Defendant**

**For Injury to Business Reputation and Dilution)**

48. Stussy incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

49. Defendant's use of colorable copies and imitations of the STUSSY Mark are likely to cause injury to Stussy's business reputation and to dilute the distinctive quality of the STUSSY Mark in violation of California trademark law, including Cal. Bus. & Prof. Code §14330 and the common law.

50. Defendant's acts have caused and, unless restrained by this Court, will continue to cause Stussy and the public to suffer great and irreparable damage and injury.

51. Stussy has suffered loss of profits and other damage, and Defendant has earned illegal profits as the result of Defendant's aforesaid acts.

52. Stussy has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**

**(Against Defendant**

**For Unfair Competition and Unfair Practices)**

53. Stussy incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

54. Defendant has engaged in unfair and fraudulent business practices by the acts herein alleged. Stussy alleges, upon information and belief, that such acts will continue unless restrained by this Court.

55. Defendant's acts have impaired Stussy's valuable goodwill, have created a likelihood of confusion, have actually confused the public and have otherwise adversely affected Stussy's business and reputation by use of unfair and fraudulent business practices in violation of the Cal. Bus. & Prof. Code, including, without limitation, §§17200 through 17208, and the common law.

56. Defendant's acts have caused and, unless restrained by this Court, will continue to cause Stussy and the public to suffer great and irreparable damage and injury.

57. Stussy has suffered loss of profits and other damage, and Defendant has earned illegal profits, as the result of Defendant's aforesaid acts. However, Stussy seeks only disgorgement of profits and does not seek damages at law.

58. Stussy has no adequate remedy at law.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stussy, Inc. prays for relief against Defendant Reason Brand, Inc., that:

A. Defendant, and each of its agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with any of them, be temporarily, preliminarily and permanently enjoined and restrained from:

1. Infringing the Stussy Mark or using or causing the use of any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception;
2. Using or causing the use of any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation, origin or association of Defendant or Defendant's goods or services with Stussy, or using any false designation of origin or false or misleading description or representation of fact;
3. Diluting or infringing the rights of Stussy in and to the STUSSY Mark or otherwise damaging Stussy's valuable goodwill or business reputation;
4. Making any false or misleading statements as hereinabove alleged or otherwise; or
5. Otherwise competing unfairly with Stussy in any manner.

C. Defendant, within thirty days after the service of the judgment herein, cease infringing.

D. Defendant, within thirty days after the service of the judgment herein, be required to file with this Court and serve upon Stussy's attorneys a written report under oath setting forth in detail the manner in which Defendant has complied with the judgment.

E. Stussy recover its lost profits and actual damages from Defendant, in an amount to be proven at trial (except that restitution only, and not money damages, is requested in connection with the California statutory unfair competition claims), and in excess of $75,000, that Defendant be required to account for any of its profits that are attributable to Defendant's acts, and that all such damages be trebled as provided by 15 U.S.C. § 1117 and Cal. Bus. & Prof. Code §14340, including interest thereon at the maximum rate permitted by law.

F. Stussy recovers its attorneys' fees.

G. Stussy recovers its taxable costs and disbursements herein.

H. The Court grant to Stussy such other and further relief as the Court deems just and proper.

Dated: September 30, 2014

JOHN R. SOMMER
ATTORNEY-AT-LAW

John R. Sommer
Attorneys for Plaintiff
STUSSY, INC.

DEMAND FOR JURY TRIAL

Plaintiff Stussy, Inc. hereby demands trial by jury of all issues that are so triable.

Dated: September 30, 2014

JOHN R. SOMMER
ATTORNEY-AT-LAW

John R. Sommer
Attorneys for Plaintiff
STUSSY, INC.